## CASE MANAGEMENT REQUIREMENTS

The following are requirements that must be followed in all cases pending before District Judge Laurie J. Michelson. These requirements are roughly organized according to the stage of the litigation: General Requirements, Discovery, Motions, Settlement Conference, Motions in Limine, Final Pretrial Conference, and Trial.

## I. General Requirements

### A. Civility

Counsel are encouraged to review and directed to comply with this District's Civility Principles, https://perma.cc/EM3P-LH27. Conduct inconsistent with the letter, and spirit, of those principles will not be tolerated. Counsel will treat all litigation participants—and each other—with professionalism, courtesy, and respect at all times. This includes what is written as well as what is said.

### B. Local Counsel

An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district. Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f). All inquiries regarding admission to this district should be directed to the Clerk's Office at (313) 234-5005.

### C. Telephone Status Conferences

If issues or disputes arise that the parties believe can be resolved short of motion practice, counsel are encouraged to contact the Court's Case Manager (at efile_michelson@mied.uscourts.gov) and schedule a telephone status conference for the purpose of trying to resolve the matter.

### D. Consent to Magistrate Judges

At the beginning of the case, the Court will docket an "Order Regarding Consent to Magistrate Judge Jurisdiction." This information is also requested in the parties' discovery plan. The parties are thus encouraged to meet and confer, at any time, regarding consenting to the jurisdiction of the magistrate judge to conduct all proceedings in the case pursuant to 28 U.S.C. § 636(c) and E.D. Mich. LR 73.1.

## II. Discovery

### A. Discovery Dispute Protocol

Discovery motions are not to be filed until the parties have complied with this Court's discovery-dispute protocol, which consists of three steps:

- Step One. The parties must meet and confer in a good-faith effort to resolve their differences without Court intervention. An email exchange is not a meet

and confer. Failure of a party to make itself available for this conference may result in sanctions.

- Step Two. In the event these good-faith efforts are unsuccessful, the moving party is required to schedule a telephone conference with the Court in a further effort to resolve the discovery dispute prior to filing any motion. Counsel shall contact the Court's Case Manager by email (efile_michelson@mied.uscourts.gov) with a brief summary of the dispute to schedule the conference. Counsel should not contact the Case Manager until Step One is complete. At least 24 hours prior to the conference, each side shall submit a one-page summary of the dispute via the link for proposed orders located under the Utilities section of CM/ECF. The parties should also exchange their summaries at that time. If the conference is scheduled within 48 hours of the parties' request, the parties are to submit and exchange their summaries as soon as possible.
- Step Three. If the dispute still cannot be resolved following the telephone conference with the Court, the Court will entertain or refer to the assigned magistrate judge the relevant discovery motion. The motion must attach a complete copy of the discovery requests and responses in dispute. If the motion involves a deposition that has already taken place, the motion must attach a complete transcript.

Failure to comply with these steps may result in an award of costs and reasonable attorney's fees against the non-complying party.

## B. Protective Orders

If a protective order is necessary, the Court encourages the parties to stipulate to a proposed order and submit it to the Court for review. The proposed order must include language that references Local Rule 5.3. Protective orders may not contain language that authorizes in advance the filing of documents under seal. Filings under seal are governed by Local Rule 5.3, and the Court requires that those procedures be followed. Where possible, the parties are encouraged to utilize redactions over sealing.

## C. Extending Discovery Deadlines

Parties may agree to extend the discovery cutoff deadline by filing a stipulation and order with the Court provided the extension of time does not affect the motion cutoff, final pretrial conference, or trial dates. The stipulation, however, must include the reason(s) for the requested extension. Any extensions or adjournments of those other three events will be considered only upon the filing of a timely written motion, including a joint motion.

## III. Motion Practice

### A. Brief Format

The parties are to append the Brief Format Certification Form to the back of every brief filed with this Court. The form is available at

https://www.mied.uscourts.gov/PDFFiles/MichelsonBriefCertificationForm.docx. If the form is not appended to the brief, the brief will be stricken.

The Court's requirements for briefs are as follows (many of these requirements are also set out on the Brief Format Certification Form):

- All briefs must strictly comply with Local Rules 5.1 and 7.1.
- All documentary evidence and briefs, especially deposition transcripts, must be filed in a **searchable** PDF format. As such, it highly advised to obtain a pdf version of a deposition transcript or email (as examples) rather than scanning in a hardcopy of the document. Briefs should be electronically converted from Word to .pdf.
- Each statement of fact must be supported with a pincite to specific record evidence.
- The first party to cite to a document must attach the entirety of that document to its brief. For example, if the moving party cites a deposition, the moving party should docket the entire deposition transcript. The non-moving party should then cite to the already-docketed transcript (rather than attaching its own version of the transcript). This rule applies for all documentary evidence. The goal is to avoid duplication and instead have one complete version of the document as part of the record.
- A party citing to previously docketed evidence must cite such evidence by its "ECF No." and "PageID" found in the CM/ECF header. For example, "(ECF No. 9, PageID.324)".
- Deposition transcripts should be filed in standard, not minuscript, form.
- The parties are not to include copies of unpublished cases that are available on Westlaw or Lexis.
- A brief may not have more than 10 footnotes (less is strongly preferred). Any brief with more than 10 footnotes will be stricken. Citations to cases or statutes are to be inline as opposed to in footnotes.
- Parties are not permitted to file a motion as part of a response brief. *See* E.D. Mich. Local Rules App'x ECF R. 5(e).

The Court does not require courtesy copies. If hard copies of any briefs are needed, the Court will contact the parties to request them.

**B. Page Extensions**

Requests for excess pages are discouraged. Before any request for excess pages is made, the party should attempt to shorten its brief (by, for instance, succinctly stating well-known legal rules). Any request for excess pages must be via motion, and if a party seeks five (or more) excesses pages, the motion for leave must be filed at least one week before the brief is due. Any request for fewer than five pages must be filed at least one day before the brief is due.

## C. Time for Responses and Replies

Unless the Court's Notice of Determination states otherwise, the time limits for response and replies are as prescribed in the Eastern District of Michigan Local Rules. Failure to respond to a motion will result in the motion being treated as unopposed.

## D. Requirements for Specific Types of Motions

### 1. Motions to Amend

In accordance with Local Rule 15.1, a party who moves to amend a pleading must attach the proposed amended pleading to the motion. The document must be redlined to show the proposed changes to the pleading.

### 2. Motions for Summary Judgment

Before filing a motion for summary judgment under Federal Rule of Civil Procedure 56, parties should note the following:

- Under Rule 56(d), summary judgment may be denied if the non-moving party has not had the opportunity to discover essential evidence, and
- Local Rule 7.1(b) requires a party to obtain the Court's leave to file more than one motion for summary judgment.

## IV. Settlement Conferences and Mediation

Parties may stipulate to case evaluation or private facilitation, or request a settlement conference with the district or magistrate judge at any time. In all cases, a brief status conference will be conducted shortly before or after the close of discovery to discuss settlement options. If the parties agree to private facilitation, they must complete the Court's facilitation form available at https://perma.cc/DB8A-YL8K.

## V. Motions in Limine

Motions in limine are to be filed by the deadline set in the scheduling order or any subsequent trial scheduling order. Such motions are not to recast issues previously presented in summary judgment or discovery motions. Rather, motions in limine serve the limited purpose of alerting the Court to significant evidentiary issues that should be addressed prior to trial. The Court will set an expedited briefing schedule to be completed before the Final Pretrial Conference. The Court will generally decide the motions at the Final Pretrial Conference, but will exercise its discretion in deferring a decision until trial.

## VI. Materials in Advance of Final Pretrial Conference

On the date that the Proposed Final Pretrial Order is due (see date set in the scheduling order or any subsequent order issued by the Court), the parties are to submit via the Utilities function in CM/ECF items A through F below:

## A. Proposed Final Pretrial Order

The parties are to strictly adhere to E.D. Mich. LR 16.2 in jointly preparing a Proposed Final Pretrial Order, except as this Court may otherwise provide.

## B. Proposed Voir Dire

It is the Court's practice to conduct voir dire. The Court will, however, entertain requests for follow-up and additional voir dire on a limited basis and may permit such voir dire to be conducted by counsel. In such instances, counsel must confine themselves to true voir dire and not engage in posturing or argument. While the Court has standard voir dire questions, counsel may submit a list of no more than fifteen other inquiries specific to the cause(s) of action that they want the Court to include.

## C. Joint Statement of the Case

Counsel shall prepare a one-to-three paragraph joint statement of the case, which will be read by the Court to the prospective panel of jurors during the voir dire. This statement is to be informative, not argumentative.

## D. Proposed Jury Instructions

The parties are to meet and confer prior to trial to prepare jury instructions on the substantive law of the case. The Court has its own opening and closing instructions (e.g., an instruction that arguments by the lawyers are not evidence) and so the parties do not need to prepare those; but the parties may request particular opening or closing instructions. In accordance with the original scheduling order (or in any subsequent scheduling order), the parties are to file via the Utilities function in CM/ECF a single set of proposed, stipulated jury instructions. The Court expects most of the proposed instructions to be agreed upon. The parties are advised to consult this District's Jury Instruction Repository, http://www.mied.uscourts.gov/index.cfm?pagefunction=juryinstructions, Federal Jury Practice and Instructions (available on Westlaw by typing "Federal Jury Practice & Instructions" in the search), Modern Federal Jury Instructions (available on Lexis by typing "Modern Federal Jury Instructions" in the search), pattern jury instructions from other Circuit Courts, and, to the extent that Michigan law governs, the Michigan Model Civil Jury Instructions. If, after a good faith effort, the parties cannot agree upon a particular instruction, each party must submit a proposed instruction under a single heading followed by a brief, one paragraph statement supporting their version (or argument that the instruction should not be given), including supporting authority. This should be the exception and not the rule. All instructions, both agreed and disputed, shall be presented in sequential order and in a single document. If a proposed instruction is based on one from a model source, the parties should include a citation to the model instruction.

## E. Proposed Verdict Form

The parties are to meet and confer prior to trial to prepare a proposed joint verdict form. If the parties cannot agree on a proposed verdict form, they may submit separate verdict forms with supporting authority.

## F. Exhibit List

The parties shall submit an Exhibit List that adheres to the following format:

| Exhibit # | Description | Objections | Received |
|---|---|---|---|

An "S" is to be placed in the column labeled "Received" for all stipulated exhibits. If the exhibit is not stipulated, the basis for objections should be indicated in the "Objections" column. Objections should be stated concisely (e.g. "relevance," "prior acts," "best evidence rule").

## VII. Final Pretrial Conference

As noted above, the Court will often hear oral argument and rule on any pending motions in limine at the Final Pretrial Conference. The Court will also discuss trial procedures and any issues or deficiencies revealed in the final pretrial order and pretrial submissions.

In addition, the Court typically conducts a settlement conference at the Final Pretrial Conference. Thus, trial counsel must be present at the Final Pretrial Conference with their clients (or a client representative) and have settlement authority.

## VIII. Trial

## A. Exhibits

Counsel are required to mark all proposed exhibits at least three days before trial. The preferred method is to use the traditional "Plaintiff's Exhibit __" and "Defendant's Exhibit __" in sequential order, but any clearly marked method is acceptable (e.g., numbers and letters). The parties are required to exchange marked exhibits three days prior to the start of trial.

The day before the first day of trial, the parties are to provide the Court with a set of the marked exhibits. They are to be placed on a thumb drive or in a three-ring binder with the exhibit number displayed prominently on the tab corresponding to the exhibit and the above-referenced Exhibit List in the front. The provisions of Federal Rule of Civil Procedure 37(c)(1) will apply for failure to list an exhibit on the Exhibit List.

During trial, it is counsel's responsibility to keep track of which exhibits have been admitted. Counsel must confer and maintain one set of admitted exhibits which should be ready to be turned over to the jury prior to the closing jury instructions.

## B. Bench Trial

Fourteen days before trial, each party must serve on opposing counsel their Proposed Findings of Fact and Conclusions of Law. Each party should review the other's Proposed Findings and Conclusions, and then make changes to their own proposed Findings and Conclusions as necessary. Seven days before trial, each party shall email the Court's Case Manager (efile_michelson@mied.uscourts.gov) an editable Word version of their Proposed Findings of Fact and Conclusions of Law. If modifications have been made since the parties' exchange, each party shall re-serve their Proposed Findings and Conclusions on the other parties. During the course of trial, parties shall be prepared to submit to the Court, and to exchange among themselves, supplemental Findings of Fact and Conclusions of Law.

## C. Additional Trial Requirements

This list of trial requirements is not exhaustive. Additional requirements may be set forth in the Court's Final Pretrial Order or explained during the Final Pretrial Conference.